# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **Criminal Action No. 17-00242-KD** |
| | ) | |
| **JOSHUA ALLEN JOHNSON,** | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

This action is before the Court on Defendant Joshua Allen Johnson's motion for early termination of supervision (doc. 56).  Upon consideration, and for the reasons set forth herein, the motion is GRANTED.[1]

In 2017, Johnson pled guilty to Count One of the Superseding Indictment charging possession with intent to distribute methamphetamine (doc. 20). In July 2018, he was sentenced to a term of imprisonment of sixty (60) months, followed by sixty (60) months of supervised release (doc. 53).  Johnson's supervision commenced on February 12, 2021.

Johnson now moves for early termination of supervision. As grounds, he states that he has completed approximately four years of the five-year term of supervision without incident. He also states that he maintained consistent work and purchased a home where he resides with his wife and stepdaughter.

As to Johnson's conduct during supervision, his supervising Probation Officer does not oppose early termination. He reports that Johnson failed only one drug test and then completed the required treatment for that failure.  He confirms that Johnson has maintained employment since his release and worked hard to better himself and his family.  His Probation Officer also reports that he contacted the United States, and it has no objection to early termination.

---

[1] No evidentiary hearing is necessary. The relief sought is favorable to Johnson, does not extend his term of supervised release, and the United States does not object (doc. 39). Fed. R. Crim. P. 32.1(c)(2)(B) & (C).

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The relevant § 3553(a) factors are: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any pertinent policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution." United States v. Cordero, 7 F. 4th 1058, 1069 (11th Cir. 2021) (citing 18 U.S.C. § 3583(e) U.S.C. § 3553(a)(1), (2)(B)–(D), (4)-(7)).

Johnson has met the statutory requirement that he serve at least one year of supervision. Therefore, the Court considers the relevant factors in 18 U.S.C. § 3553(a) to determine whether his conduct and the interests of justice warrant early termination. Specifically, the "nature and circumstances" of Johnson's offense and his "history and characteristics" 18 U.S.C. § 3553(a)(1), as well as the need for the sentence imposed to "afford adequate deterrence to criminal conduct", and to "protect the public from further crimes of the defendant". 18 U.S.C. § 3553(a)(2)(B) & (C). The Court specifically acknowledges that Johnson has maintained steady employment and appears dedicated to improving his life and that of his wife and stepdaughter. Accordingly, the Court is satisfied that Johnson's present conduct and the interests of justice warrant early termination of supervision. See 18 U.S.C. § 3583(e)(1).

**DONE** and **ORDERED** this the 29th day of January 2025.

s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

2